UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSEMARY F. STANLEY, | ) | Case No. EDCV 07-1258 JC |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER OF REMAND |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**I.    SUMMARY**

On October 12, 2007, plaintiff Rosemary F. Stanley ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 16, 2007 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REMANDED for further proceedings because the Administrative Law Judge ("ALJ") erroneously failed to address the lay witness evidence supplied by plaintiff's boyfriend.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In March and April 2005, plaintiff filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Administrative Record ("AR") 13, 169-72, 178). Plaintiff asserted that she became disabled on June 1, 2002, due to back and neck injuries, possible stroke and stress. (AR 55). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's boyfriend, and a vocational expert on February 27, 2007. (AR 179-214).

On April 25, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12-17). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease and hypertension (AR 16); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 13, 16); (3) plaintiff retained the residual functional capacity "to lift and carry 25 pounds frequently and 50 pounds occasionally, stand and/or walk for six hours in an eight-hour day and sit for six hours in an eight-hour day" (AR 16); (4) plaintiff could perform her past relevant work (AR 16); (5) plaintiff could perform other work that exists in significant number in the national economy (AR 13, 16); and (6) plaintiff's allegations regarding her limitations were not totally credible. (AR 16).

The Appeals Council denied plaintiff's application for review. (AR 4-6).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work?[1] If so, the claimant is not disabled. If not, proceed to step five.

---

[1] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

3

  (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.** **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. A Remand is Appropriate Because the ALJ Erroneously Failed to Address the Lay Evidence Supplied by Plaintiff's Boyfriend and the Court Cannot Find Such Error Was Harmless

Plaintiff contends that a reversal or remand is appropriate because the ALJ erroneously failed to address the written statement and testimony supplied by plaintiff's boyfriend and to provide adequate reasons for rejecting such evidence. Defendant concedes the ALJ erred, but contends such error was harmless and does not justify remand. As this Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1. Pertinent Facts

##### a. Plaintiff's Statements and Testimony

On April 26, 2005, plaintiff stated in a function report, that due to her divorce after an abusive marriage, and the stress of caring for her mother who suffered from Alzheimer's and dementia, she experienced "heart palpitations, nightmares, . . . bouts of insomnia, vomiting [and] diarrhea," as well as memory loss, lack of energy, and difficulty concentrating. (AR 92-93). Plaintiff elsewhere complained of depression and a possible stroke. (AR 13, 144, 146)

On February 27, 2007, at the administrative hearing, plaintiff testified regarding her symptoms, pain and limitations. (AR 189-206). She stated, *inter alia*, that she: (i) has pain in her lower back and knee (AR 190); (ii) has bloating in her stomach, possibly due to liver problems (AR 190-91); (iii) has a "hard time standing for more than 15 minutes at a time" (AR 191); (iv) has chronic bronchitis (AR 192); (v) is a "nervous wreck" (AR 192); (vi) spends "most of [her] time in bed with a heating pad" for her back pain (AR 193, 195, 197-98); (vii) experienced negative side effects from taking Paxil (AR 194); (viii) stays up for several hours at night working on her computer due to insomnia (AR 195); (ix) does not take part in any social, family, or religious activities outside her

home (AR 197); and (x) goes grocery shopping only once a week and requires assistance from her boyfriend (AR 197).

### b. Statements and Testimony of Plaintiff's Boyfriend

On April 26, 2005, plaintiff's boyfriend, who lived in the same house with plaintiff for approximately two and a half years before the administrative hearing, completed a function report that reflects his observations regarding plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities. (AR 62-70). He reported, *inter alia*, that plaintiff: (i) lays on the couch to relieve pain (AR 62); (ii) tosses and turns while sleeping, and wakes up at all hours of the night (AR 63); (iii) needs to be reminded to eat properly (AR 63); (iv) sometimes takes as long as four hours to do simple chores due to pain (AR 64); (v) needs help lifting light to moderate weight (AR 64); (vi) goes outside only 1-2 hours a day (AR 65); (vii) shops once a week for necessities (AR 65); (viii) does not participate in outside social activities on a regular basis (AR 66); (ix) needs to be reminded of doctor appointments (AR 66); (x) experiences pain with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, and using hands (AR 67); and (xi) does not handle stress well (AR 68).

At the February 27, 2007 administrative hearing, plaintiff's boyfriend testified, *inter alia*, that plaintiff (i) is absolutely incapable of working (AR 206); (ii) is "constantly in pain" which sometimes is "excruciating" (AR 207); (iii) suffers from fatigue, nausea, and "the bathroom thing" (AR 207); (iv) generally has no energy or strength (AR 207); (v) "sometimes" needs help getting out of bed and using the bathroom (AR 207); (vi) remains in bed "pretty much 'round the clock" (AR 208); (vii) has difficulty sleeping (AR 208); (viii) has difficulty breathing (AR 208); and (ix) generally does not leave the house for social functions (AR 209).

///
///

## 2.  Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.  Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work).  The standards discussed in these authorities appear equally applicable to written statements.  Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

## 3.  Analysis

As the above-stated facts reflect, the statements and testimony of plaintiff's boyfriend are, on the whole, consistent with, and corroborate plaintiff's testimony and statements regarding her symptoms, pain and limitations.  Plaintiff's

boyfriend's statements and testimony constituted competent lay evidence that the ALJ had to take into account unless he expressly determined to disregard it and gave reasons therefor. As the parties agree, the ALJ erred in silently disregarding such evidence.

Although defendant urges the Court to conclude that this error was harmless, the Court cannot do so because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56. If fully credited, plaintiff's boyfriend's statements substantially support plaintiff's description of her symptoms, pain and limitations, and could have caused a reasonable ALJ to reach a different disability determination. Accordingly, this Court cannot deem the ALJ's failure to address the lay witness statements supplied by plaintiff's boyfriend harmless.[2]

///
///
///
///
///
///
///
///

---

[2] Defendant suggests that because plaintiff's boyfriend's statements were largely consistent with plaintiff's testimony and written evidence, they should be discounted for the same reasons that the ALJ discounted plaintiff's testimony. (Defendant's Motion at 3-4). While the ALJ may well have discounted plaintiff's boyfriend's statements for such reasons, he did not so state in his decision, and the Court cannot so conclude on this record. This Court may not affirm the decision of an agency on a ground that the agency did not invoke in making its decision. Stout, 454 F.3d at 1054 ("[T]he ALJ, not the district court is required to provide [rationale] for rejecting lay testimony.") (citations omitted).

## V. CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum of Opinion and Order of Remand.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 16, 2009

                                          /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff also argues, and defendant disputes, that the ALJ failed properly to rate plaintiff's mental impairment and to consider the findings of a state-agency physician, and posed an incomplete hypothetical to the vocational expert. The Court need not, and has not adjudicated these challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to resolve the alleged internal conflict, if one exists, in the state agency physician's report. (Plaintiff's Motion at 5-6).

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).